UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KENNETH DWAYNE WILLIS, | ) |
| Plaintiff, | ) Civil Action No. 3:19-CV-P469-CHB |
| v. | ) **MEMORANDUM OPINION** |
| JENNIFER MURZYN YANCEY et al., | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Kenneth Dwayne Willis, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff is a convicted inmate incarcerated at the Louisville Metro Department of Corrections. He names as Defendants in their individual and official capacities Jennifer Murzyn Yancey, Assistant Commonwealth's Attorney, and Christopher Rutherford, a Louisville Metro Police Department (LMPD) homicide detective. Plaintiff alleges that on July 18, 2016, Defendants sought and received an indictment against him from a grand jury for murder, possession of a handgun by a convicted felon, and illegal possession of a controlled substance. He alleges that Defendants "deliberately concealed material facts from grand juror's [sic] in malicious pursuit of a charge and penalty much harsher than the facts called for." He alleges further that in order to manipulate the grand jury, Defendants "purposely concealed the existence

of . . . the only eyewitness to the incident and did nothing to make her available as a witness at the hearing." In particular, he alleges that Defendants failed to put before the grand jury evidence that Plaintiff was "immediately distraught" by the discharge of the gun; that he "whined" it was an accident;' dropped the gun; did nothing to alter the scene; grabbed the still breathing victim [put her in his car] and sped through traffic all the way to Norton's Hospital in a desperate attempt to save her life."

Plaintiff states that, at trial, "the jury's verdict was not guilty for murder but guilty for reckless homicide." Plaintiff alleges that "his due process and constitutional rights under the Kentucky and United States Fourth, Fifth, and Fourteenth Amendments were violated." He also alleges that LMPD "has unconstitutional policy failing to adequately train personel [sic] in evidence disclosure and improper procedural safeguards to protect liberty interest."

As relief, Plaintiff asks for monetary and punitive damages and "employing proper procedural safeguards (liberty, interest)" and "protect[ing] due process during grand jury process (procedural)."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has

stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A. Immunity*

Both Defendants are immune to Plaintiff's claim for monetary damages. Defendant Rutherford, the homicide detective who testified before the grand jury, is absolutely immune to a § 1983 claim against him based on that testimony. *See Rehberg v. Paulk*, 556 U.S. 356, 369 (2012) ("[A] grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony. . . . [T]his rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution."); *Vaughan v. City of Shaker Heights*, 514 F. App'x 611, 613 (6th Cir. 2013) (holding that detective was absolutely immune from plaintiff's claims related to his grand jury testimony and his failure to disclose exculpatory evidence). It is true that the Sixth Circuit has recently outlined an exception to "the principle that the grand-jury indictment is proof of probable cause" which affords only qualified immunity "where (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist

*solely* of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury), the presumption that the grand-jury indictment is evidence of probable cause is rebuttable and not conclusive." *King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 640, 199 L. Ed. 2d 527 (2018) (emphasis added).  However, this exception applies by its terms only to acts outside of grand jury testimony done by law enforcement officers who help to set a prosecution in motion (as opposed to those who merely testify before a grand jury). *Id.* at 586 ("True, [under Supreme Court precedent, a law enforcement officer has] absolute immunity from suit to *the extent that [a plaintiff's] claims are based on his grand-jury testimony*, but [that precedent] does not afford [a law enforcement officer] absolute immunity for his actions that are prior to, and independent of, his grand-jury testimony.") (emphasis original).  Thus, any omissions in Rutherford's grand jury testimony itself provide no basis whatsoever for a malicious prosecution claim against him.

Likewise, the Plaintiff's allegation that the defendants "purposely concealed the existence of . . . the only eyewitness to the incident and did nothing to make her available as a witness at the hearing" provide no basis for a claim against Rutherford.  Even to the extent that *Harwood* might be read to imply that "preventing witnesses from coming forward" could qualify as a prior, independent act that exposes an officer to liability for malicious prosecution, *Id.* at 590, and even if Rutherford had been involved in helping set a prosecution in motion (though the complaint makes no such allegation), the complaint here does not allege such an act, because it does not allege that either defendant performed any affirmative act (such as bribery or intimidation) to *prevent* the witness from testifying; rather, it describes the defendants as *not disclosing* the

4

witness – in other words, as it pertains to Rutherford, an omission in his testimony. As just discussed, Rutherford is absolutely immune from such omissions.

Defendant Yancey, the Assistant Commonwealth's Attorney, is also immune to Plaintiff's claim for monetary damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Here, clearly the conduct about which Plaintiff complains is intimately associated with the judicial phase of the criminal process; as such, Defendant Yancey is immune to a claim for monetary damages based on this conduct.

### B. *Heck* bar

Additionally, the *Heck* doctrine bars Plaintiff's claims against Defendants. The *Heck* doctrine provides that a plaintiff may not bring a civil-rights claim to obtain monetary damages if judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[W]hen a plaintiff brings such a claim he or she must first demonstrate that his or her conviction had been invalidated." *Jackson-El v. Winsor*, 986 F. Supp. 440, 444 (E.D. Mich. 1997). Here, Plaintiff has not shown that the conviction about which he complains has been overturned by other processes.[1] Thus, his

---

[1] The *Heck* bar applies even if, as Plaintiff's complaint suggests, he was not convicted of murder, the charged offense, but was convicted of the lesser-included offense reckless homicide. *See, e.g.*, *St. Germain v. Isenhower*, 98

5

monetary-damages claims based upon an allegedly unlawful conviction must be dismissed for this reason.

The same rule applies to any attempt to seek injunctive or equitable relief because "[a] favorable ruling on [the request] for declaratory and injunctive relief would necessarily imply that [a plaintiff's] convictions . . . were invalid." *McDonald v. Tennessee*, 79 F. App'x 793, 795 (6th Cir. 2003). As such, *Heck* bars Plaintiff's claims for injunctive relief as well.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: November 4, 2019.

Claria Horn Boom<br>
CLARIA HORN BOOM,<br>
UNITED STATES DISTRICT COURT JUDGE<br>
EASTERN AND WESTERN DISTRICTS OF<br>
KENTUCKY

cc: Plaintiff, *pro se*
     Defendants
A958.009

---

F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by *Heck*); *see also Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010) ("Baker's acquittal by a jury on the armed robbery charge in Union County did not constitute a 'favorable termination' because he was convicted of the lesser-included offense of theft in the same criminal proceeding for the same criminal act.") (per curiam).